97      21
a196s 258

## McLean County Coal Co. v. Robert Simpson.

1. HAZARDS—*Of a Service, Which Are Not Assumed upon the Acceptance of an Employment.*—Where a trestle used to supply coal to locomotive engines, extending from a coal shaft to the track of a railroad, had been constructed for nearly twelve years, and some of the boards out of which the floor upon it was made were half decayed, a jury will be justified in finding that such floor was rotten and dangerous, and had been so for a sufficient length of time for the proprietor, in the exercise of reasonable care, to learn of its dangerous condition and repair it; unless his employe knew of such defects and failed to report them to him, the hazard was not one which he assumed when he accepted the employment, for he had the right to rely upon the presumption that his employer had discharged his primary duty in using reasonable care to provide a safe floor to the trestle for him to walk upon in using it.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

EWING, WIGHT & EWING, attorneys for appellant.

WELTY & STERLING and BARRY, MORRISSEY & FIFER, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.
The declaration of appellee against appellant charges, in effect, that the former was in the employ of the latter to coal engines on railroads in the night time, and that one of his duties was to remain upon a trestle above the railroads during the hours of the night; that it was the duty of appellant to keep the trestle in a safe condition, but it negligently suffered the boards upon the trestle to be in bad order, and a part of them were rotten, with holes between them, and the nails were loosened, and there was no guard rail or other protection to the trestle, and that appellee, knowing nothing of the unsafe condition of the structure, while in the use of ordinary care, caught his foot in a hole in or between the boards, was thereby thrown off the trestle upon the ground, hurt and injured. A plea of not guilty

having been filed to the declaration, a trial by jury of the issue thus formed ended in a verdict that appellant was guilty of the negligence charged against it, and the damages were assessed at $5,000. The court having overruled appellant's motion for a new trial, gave judgment against it for the damages assessed, to reverse which this appeal is brought to this court, and the only question argued against the verdict, by which such reversal is sought, is that it is against the evidence of the case.

Appellee was employed by appellant to furnish coal to the locomotive engines of railroads near which the shaft of its mine was located. For this purpose trestle work had been constructed leading from the shaft to the tracks of the railroads, the height of the same being about twenty feet above the surface at the mine and gradually ascending until the point above the railroad tracks was reached where the height was near twenty-four feet. The coal was hoisted to the trestle at the shaft of the mine and dumped into transfer cars, and from thence moved upon the trestle by horse-power to chutes, and from there was supplied to the engines as occasion might require. It was one of appellee's duties to see that the chutes were kept supplied with coal broken suitably for use, and to deliver the same from the chutes, as demanded by the railroads. Appellee was put to this work January 24th, and on the night of the following day, when he was filling the chutes, believing an engine was approaching for coaling, he went upon a walk constructed on the side of the trestle to take observation, and finding the engine was in the yards and not approaching the coaling station, he turned about to return to the chute, and, as he testified, the floor of the walk yielded to the heel of his foot, causing him to fall over the edge of the trestle and upon the tracks below; both thighs were broken, the knee-cap was cracked and the elbow, producing permanent injuries. The vital questions of fact upon the trial for the determination of the jury were whether appellant had been negligent in the particulars specified in the declaration, and whether appellee was in the exercise of ordi-

nary care for his own safety when injured. There was evidence tending to prove that the trestle had been constructed for nearly twelve years; that some of the boards of the floor were half decayed; the edges of the boards were rotted and chipped off, and the nails rusted off and the boards loose; and this condition had been observed by some of the witnesses for a considerable time before the accident happened; and as the appellee had been employed on the trestle the day before he was hurt, it is not likely the jury believed he knew of these defects. If the jury believed the testimony of the witnesses, to which we have alluded, they were justified in finding, as they doubtless did, that the floor of the walk was rotten and dangerous, and had been for a sufficient length of time that appellant, in the exercise of reasonable care, should have known of its dangerous condition and repaired it. Unless appellee knew of such defects and failed to report them to the master, the hazard was not one that he assumed when he accepted employment, for he had the right to rely upon the presumption the master had discharged his primary duty of using reasonable care to supply a safe floor to walk upon; and so upon the whole evidence, we are of the opinion, the verdict of the jury was warranted upon both the questions of negligence of the appellant, as charged in the declaration, and the proper exercise of care on the part of appellee.

In its defense to the action in the trial court—and the same point is renewed in this court—the appellant insisted the evidence proved that appellee was subject to fits of epilepsy, and that it was in consequence of one of these spells that he fell and was injured. The evidence is neither clear nor satisfactory upon this point. Appellee denied that he was or had been so afflicted since he was twelve years of age. There is no direct testimony that on the occasion of his fall he was affected with epilepsy, and upon the whole evidence it can not be justly found that the fall was caused by such affliction. Such a finding could only be based upon mere inference—equivalent to mere conjecture or imagination—and we think the jury were justified in finding as they did, against appellant, upon this question.

No errors concerning the ruling of the court upon the evidence or the instructions of the court have been argued before us, and the assignment of errors in those respects are therefore regarded as abandoned. We feel compelled to accept the verdict of the jury as decisive of the facts, and the judgment of the Circuit Court will be affirmed.